Tommy **WILLIS**, Petitioner,

v.

Lewis S. **TOLLETT**, Warden,
and
State of Tennessee, **Respondents**.
Civ. A. No. 2281.

United States District Court
E. D. Tennessee,
Northeastern Division.
Nov. 27, 1968.

**274**

Tommy Willis, in pro. per.

Asst. U. S. Atty. Gen. David W. Mc-Makin, Nashville, Tenn., for respondents.

## MEMORANDUM OPINION

NEESE, District Judge.

This application for the federal writ of habeas corpus was filed on September 26, 1968 by the petitioner, who is in custody of the respondent pursuant to the judgment of the Criminal Court of Sullivan County, Tennessee. The respondent moved to dismiss the application, apparently on the ground that the state trial court's denial of the petitioner's application for the state writ of habeas corpus on July 11, 1967 without an evidentiary hearing was corrected afterward by the Court of Criminal Appeals of Tennessee, which reversed the trial court and remanded such application for a new trial in the lower court.

This Court can glean from the petitioner's instant application no contention that he is in custody in violation of the Constitution or laws of the United States. This Court cannot entertain an application for the writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court unless it is claimed that he is in such custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

The Court notices judicially its records in Willis v. Tollett, etc., civil action no. 2214, this district and division. Therein, this same petitioner raised questions under the federal Constitution concerning his restraint, and these were decided adversely to the petitioner. See memorandum opinion and order of July 17, 1968.

This Court having no jurisdiction to entertain the petitioner's instant application, it has no jurisdiction to consider his motion for release on bail bond.* It results that this petitioner is denied all relief.

Order of dismissal will enter accordingly.

---

* The Court of Criminal Appeals of Tennessee having reversed the denial by the Criminal Court of Sullivan County, Tennessee of the petitioner's application for the state writ of habeas corpus, and having remanded that proceeding to the lower court for a new trial, and the respondent therein having sought certiorari from the Tennessee Supreme Court, it appears that the petitioner might be entitled to release by the Criminal Court of Sullivan County, Tennessee on bail. T.C.A. § 40–3824.
This Court, however, has no authority to release this petitioner on bail bond at this stage of the proceedings.