**James GANT, Jr., Petitioner-Appellant,**

**v.**

**George A. KROPP, Warden, State Prison of Southern Michigan, Respondent-Appellee.**

**Nos. 18636, 18637.**

United States Court of Appeals Sixth Circuit.

March 5, 1969.

Certiorari Denied May 19, 1969. See 89 S.Ct. 1766.

PER CURIAM.

These appeals are by James Gant, Jr., petitioner-appellant, from orders of the United States District Court for the Eastern District of Michigan denying his petitions for writs of habeas corpus. The district judge denied the petitions without evidentiary hearings.

Gant is serving two terms of imprisonment in the Jackson State Prison at Jackson, Michigan. Our number 18,636 was filed in the District Court on or about January 31, 1967, under number 29,848. In this case Gant is serving a sentence of 10 to 20 years imprisonment for armed robbery imposed in the Genesee County Circuit Court in 1965. He was arrested on the charge November 15, 1964. Number 18,637 was filed in the District Court on or about October 6, 1967 under number 30,696. This case involved a charge of robbery armed committed on November 7, 1964, in which Gant received a sentence of 10 to 15 years, from the Recorder's Court of the City of Detroit, on October 21, 1965.

We discuss first number 18637 since the offense involved was committed prior in point of time to the offense which is the subject of number 18636. In this case the appellant was convicted in a trial before a jury.

The appellant claims that his constitutional rights were violated in the following manner: (1) the complaining witness was permitted to testify that she had identified a "mug shot" in the police station, thereby prejudicing his rights to a fair trial; (2) that the same witness testified that, "It was from an old crime that they had been in," and (3) that he did not have counsel at a "police line-up". He alleges that he has exhausted his state remedies without being granted a hearing on these facts.

The only record of any post conviction procedure are denials by the Court of Appeals of the State of Michigan and the Michigan Supreme Court of applications for delayed appeals. The Court of Appeals denied the application on June 12, 1967 "for lack of merit in the grounds presented". The Supreme

James Gant, Jr., in pro. per.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Atty. Gen., State of Michigan, Lansing, Mich., on brief for appellee.

Before O'SULLIVAN and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

Court denied the application on September 26, 1967 because appellant "failed to persuade the court that he has a meritorious basis for appeal". It does not clearly appear that the appellant raised these same questions in his applications for delayed appeals but for the purpose of this appeal we will assume that he has exhausted his state remedies.

■■ The first two assignments of error present evidentiary questions which do not rise to the significance of constitutional violations. The answer to the second question was brought out by appellant's own counsel. No motion was made for a mistrial and no request to the judge to instruct the jury to disregard the answer. In support of the third assignment of error the appellant cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1966). It was held in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1966) that *Wade* was not to be applied retroactively to lineups in the absence of counsel occurring prior to June 2, 1966.

We agree with the district judge in dismissing the petition in this case and the judgment of the District Court is affirmed.

In number 18636 the appellant claims that his constitutional rights were violated as follows: (1) His mother was held as a hostage until he revealed incriminating admissions which resulted in his plea of guilty to robbery; (2) the trial court refused to explain the nature and extent of the sentence imposed upon him in spite of his request to the court, and (3) by the negligent and arrogant acts of the police officers in refusing to arraign him immediately.

The appellant was originally charged with armed robbery. This charge was later reduced to assault with intent to rob and steal while armed to which the appellant entered a plea of guilty. The appellant's conviction by plea of guilty was affirmed by the Court of Appeals of Michigan (People v. Gant, 4 Mich.App. 671, 145 N.W.2d 381) and leave to appeal to the Supreme Court of Michigan was denied.

■■ Six assignments of error were asserted in the Court of Appeals. That appellant's mother was held as a hostage to force him to make incriminating admissions was not assigned as error and is therefore not before us on this appeal. The appellate court said with reference to the claim that the sentence was not properly explained to him, "assuming that this was a deliberate refusal on the part of the court rather than a failure to hear the question, we find no infringement on the defendant's rights". The fact that the appellant entered a plea of guilty to a reduced charge would imply that the appellant understood what he was doing. After all there is nothing complex about a sentence of 10 to 20 years. It should be noted that he was asking for an explanation after his sentence, not before. We find no constitutional violation here.

■ As to the time of arraignment the Court of Appeals said,

"The charge that the delay in bringing the defendant before a magistrate was 'undue' seems fatuous. He was arrested Sunday evening, the warrant issued on Monday and he was arraigned on Tuesday. Even if this brief period be regarded as 'undue delay' we would have to be shown some prejudice to the defendant's rights or some element of unfairness operating against him to base a finding of reversible error in this regard."

The appellate court with the record before it passed on the issues presented on this appeal. We are in agreement with the findings and decision of that court and with the decision of the district judge on the issues now before us.

Judgment of the District Court in case number 18636 is affirmed.

The appellant would not be entitled to any relief unless the judgments of conviction in both of these cases were vacated.