**Walter MANIER, Petitioner,**

v.

**William S. NEIL, Warden, Tennessee State Penitentiary, Nashville, Tennessee, Respondent.**

**Civ. A. No. 2420.**

United States District Court
E. D. Tennessee,
Northeastern Division.

July 15, 1969.

Walter Manier, pro se.

George F. McCanless, Atty. Gen. for State of Tennessee, Nashville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The petitioner Mr. Manier, in custody pursuant to the judgment of the Criminal Court of Washington County, Tennessee, at its September, 1964 term, has applied *pro se* to this Court for the federal writ of habeas corpus, on the grounds that he is in custody in violation of several provisions of the federal Constitution. 28 U.S.C. § 2254(a). He claims he has exhausted the remedies by any procedure available to him in the courts of Tennessee relating to the questions here presented. 28 U.S.C. § 2254 (b), (c); Manier v. Henderson, etc., Tenn. Cr.App., (1969) 442 S.W.2d 281, certiorari denied by the Tennessee Supreme Court (1969).

" * * * This Court cannot entertain an application for the writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court unless it is claimed that he is in custody in violation of the Constitution or laws or treaties of the United States. * * * " Willis v. Tollett, etc. et al., 300 F.Supp. 273, D.C.Tenn. (1968). Mr. Manier claims that his arrest was without probable cause in violation of the Fourth and Fourteenth Amendments to the federal Constitution; that he was denied his right under the Fourteenth Amendment thereto by not being provided seasonably with a copy of the indictment returned against him as required by Constitution of Tennessee, Art. 1, § 9, and T.C.A. § 40–2008; that he was denied his right to due process of Tennessee law and equal protection of such law under the Fourteenth Amendment by not having an impartial jury as required by the Sixth Amendment thereto and by not being examined before trial to determine his mental competency to stand trial.

■■ There is nothing in Mr. Manier's averments from which a denial of his constitutional right to a fair and impartial jury can be deduced. His complaint of perjury and false accusations on the part of witnesses does not raise an issue of actual bias in regard to the composition of the jury. *Cf.* Dennis v. United States (1950), 339 U.S. 162, 168, 70 S.Ct. 519, 521 [1], 94 L.Ed. 734, rehearing denied (1950), 339 U.S. 950, 70 S.Ct. 799, 94 L.Ed. 1364. The other deprivations of which Mr. Manier complains are not properly grounds for obtaining relief through habeas corpus in the federal courts, as they relate to Tennessee law and procedure and, as such, represent alleged errors correctable only on appeal. *Cf.* Kimbro v. Bomar, C.A. 6th (1964), 333 F.2d 755, 757 [2], dealing with the complaint of a prisoner that the indictment returned against him was defective.

■ The crowded 15 pages of verbosity submitted by the petitioner Mr. Manier contain no factual averments sufficient to support an award of the federal writ or an order directing the respondent to show cause why the writ should not be granted. It appearing from the application that the petitioner is not entitled to the writ, 28 U.S.C. § 2243, he hereby is denied all relief.