Venson WOODALL

v.

William S. NEIL, Warden, Tennessee State Penitentiary.

Civ. A. No. 5897.

United States District Court, E. D. Tennessee, S. D.

Aug. 3, 1970.

---

Francis I. Breazeale, appointed, Chattanooga, Tenn., for petitioner.

David Pack, Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is a proceeding upon a petition for a writ of habeas corpus. The respondent has now filed an answer to the petition in which he denies each alleged constitutional error. The case is before the Court upon the respondent's motion for summary judgment. The motion is based upon the pleadings, the affidavit of C. B. Coleman, and the brief of the respondent. The petitioner, through his attorney, has filed a responsive brief. The motion for summary judgment is directed to each and every allegation of the petition.

The petitioner contends in the first ground of his petition that his conviction is void because he was convicted on the uncorroborated testimony of an accomplice contrary to case law in Tennessee and in violation of his right to equal protection of the laws. The respondent contends in support of its motion for summary judgment that federal habeas corpus will not lie to test this alleged error. The Court agrees that this error at most is one relating to Tennessee law and procedure, specifically the sufficiency of evidence for conviction, and does not rise to the level of a federal constitutional issue. Accordingly, it is not cognizable by means of federal habeas corpus. See Manier v. Neil, (E.D. Tenn., 1969) 306 F.Supp. 643; Wampler v. Warden, Maryland Penitentiary, (D. Md., 1963) 224 F.Supp. 37; Gant v. Kropp, (C.A.6, 1969) 407 F.2d 776, cert. denied 395 U.S. 916, 89 S.Ct. 1766, 23 L.Ed.2d 230. Moreover, the alleged refusal of the Tennessee courts to apply the rule requiring corroboration in the petitioner's criminal trial cannot constitute a violation of the Equal Protection Clause of the Fourteenth Amendment and this for the reason that a construction of state law by a state court in turn becomes state law. Otherwise, any alleged error committed in a state court, no matter how trivial, would ipso facto become an error of constitutional dimensions as a violation of equal protection of the laws. Petition of Wright, (W.D. Ark., 1968) 282 F.Supp. 999; United States v. Rundle, (E.D.Pa., 1967) 271 F.Supp. 948.

The second ground of the petition alleges that the trial court admitted a co-defendant's confession against the petitioner in the petitioner's absence in violation of the petitioner's Sixth Amendment right of confrontation. In support of its motion for summary judgment upon this ground the respondent has attached the affidavit of one C. B. Coleman, an attorney in Chattanooga, Tennessee. The affidavit of Mr. Coleman reflects that he was employed as a special prosecutor in the petitioner's original trial.

The affidavit further reflects that co-defendant Martin took the stand and testified as to his own and the petitioner's participation in the crime for which they were charged. Mr. Coleman further avers that counsel for the petitioner had and exercised his right to cross-examine the said co-defendant. The petitioner has not filed a counter-affidavit. On the contrary, his petition reflects that his co-defendant testified on the trial. Accordingly, it appears undisputed that the co-defendant testified on the trial.

In view of the fact that the co-defendant did take the witness stand and accordingly was subject to cross-examination by the petitioner's counsel, the petitioner's reliance upon the rule represented by Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, and Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, is misplaced. It is undisputed that the petitioner was afforded and exercised his right of confrontation and cross-examination. See United States v. Jackson, (C.A.6, 1969) 409 F.2d 8; United States v. Cole, (C.A. 6, 1969) 416 F.2d 827.

 By amendment to the original petition, the petitioner's counsel has alleged that the Court violated T.C.A. § 22–214 and T.C.A. § 22–201 in that only 11 emergency special veniremen were summoned as additional jurors rather than twenty-five as ordered by the trial court.

It is clear that a violation of a state statute does not, by itself, constitute deprivation of any right granted by the Federal Constitution. See Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L. Ed.2d 98; McCord v. Henderson (C.A. 6, 1967) 384 F.2d 135. Further, there is no allegation of any prejudice suffered by the petitioner rising to the level of a federal constitutional error.

 Finally, the petitioner contends that he was denied an appellate review and effective assistance of counsel in that his retained counsel withdrew a motion for new trial without the petitioner's knowledge and refused to prosecute an appeal. The respondent contends in support of its motion for summary judgment that no federal question is involved since any actions of the petitioner's retained counsel could not be considered State action. It is clear that the petitioner was not in any wise hindered from taking an appeal by reason of indigency, nor could the action of his retained legal counsel in this respect be imputed to the State. Assuming the accuracy of the petitioner's allegations regarding the failure of his attorney to perfect an appeal, such failure would not constitute a denial of due process or a denial of equal protection of the laws where such counsel was of the petitioner's own choosing. Griffin v. Illinois, (1956) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Douglas v. California, (1963) 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Norvell v. Illinois, (1963) 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456; Horton v. Bomar, (D.C.Tenn., 1964) 230 F.Supp. 271. Likewise, mere failure of retained counsel to perfect an appeal or advise the petitioner in regard thereto, without more, would not constitute such fundamental unfairness as to amount to a denial of due process. To rise to the level of a constitutional error, "a lack of effective assistance of counsel must be of such a kind as to shock the conscience of the Court and make the proceedings a farce and a mockery of justice." Horton v. Bomar, (C.A.6, 1964) 335 F.2d 583; O'Malley v. United States, (C.A. 6, 1961) 285 F.2d 733. See also United States ex rel. Maselli v. Reincke, (C.A. 2, 1967) 383 F.2d 129. The petitioner fails to allege matters in regard to the conduct of his counsel that would render his conviction a farce and a mockery of justice.

Having considered each contention in the petition and found it to be without merit as a matter of law, the respondent's motion for summary judgment will be sustained and this lawsuit dismissed. An order will enter accordingly.