Harold **MORELOCK**, Petitioner,

v.

Lewis S. **TOLLETT**, etc., **Respondent.**

Civ. A. No. 2671.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 21, 1971.

Memorandum Opinion, Order and Certificate April 6, 1971.

Harold Morelock, pro se.

C. Jackson Rose, Asst. Atty. Gen., State of Tenn., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a *pro se* application for the federal writ of habeas corpus by the petitioner Mr. Morelock, who claims that he is in the custody of the respondent pursuant to the judgments of the Criminal Court of Hawkins County, Tennessee, in violation of his right, *inter alia*, against self-incrimination and to the equal protection of the law. Constitution, Fifth Amendment. 28 U.S.C. § 2254(a). He claims that such judgments of conviction were affirmed on appeal to the Court of Criminal Appeals of Tennessee, and that the Tennessee Supreme Court denied certiorari.

 Mr. Morelock complains that his involuntary inculpatory statements were admitted in evidence against him; that his court-appointed counsel, acting under color of Tennessee law, failed to demand a list of witnesses and addresses of all persons present at the time of his confession or admission against interest; that, notwithstanding, such confession or ad-mission was admitted in evidence against him, contrary to the provisions of T.C.A. § 40–2441; that the minds of the jurors were inflamed unnecessarily by the introduction of a photograph of the homicide victim's unveiled torso; that evidence was received concerning his prior conviction of a crime while a juvenile years before; that the trial judge erroneously denied his special request for an instruction to the jury relating to malicious intent; that the trial judge erred in altering the verdict reported by the jury; and, that each of these assignments of error was decided adversely to him on appeal. Thus, it appears that Mr. Morelock has exhausted the remedies available to him in the courts of Tennessee by any right he might have to raise by any available procedure the questions presented here. 28 U.S.C. §§ 2254(b), (c). If each of these points has been considered and determined by the highest court of Tennessee, there is no apparent reason to require Mr. Morelock to relitigate them by civil proceedings in the state courts.

It not appearing from the petitioner's application that he is not entitled thereto, the respondent hereby is directed to make a return within 20 days herefrom showing the true cause of detention and to show any cause he may have why the federal writ of habeas corpus should not be granted. 28 U.S.C. § 2243.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

In response to this Court's directive, see memorandum opinion and order of March 5, 1971 herein, the respondent has certified the true cause of the petitioner's detention and undertaken to show cause, by an answer, why the federal writ of habeas corpus should not issue. Although the pleadings appear at first blush to create factual issues, as to (a) whether the petitioner was in full possession of his mental faculties when he gave statements to investigating officers, and (b) whether the officers who were eye-witnesses to the murder involved

heard one shot or four or five shots as they were alighting from their patrol car, before the petitioner ran from his automobile into a field and commenced firing at the officers, resolution of these issues is considered unnecessary to a summary disposition of this matter as law and justice require. 28 U.S.C. § 2243.

■ The claims of the petitioner are set forth in the aforementioned memorandum of March 5, 1971. One of these relates to the petitioner's claim that his involuntary inculpatory statements were admitted into evidence against him in violation of his federal constitutional right against self-incrimination. He urges on the Court the case of Vandegriff v. State (1966), 219 Tenn. 302, 409 S.W.2d 370. The facts of this case distinguish it from *Vandegriff*, as well as from Townsend v. Sain (1963), 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Contrary to the factual situations in those cases, here Mr. Morelock made exculpatory statements, tending to establish his innocence by an assertion of an accidental firing of the first shot into his homicidal victim's body and lack of any understanding of the reasons he had fired additional shots into such victim's body. See record exhibited herein in Morelock v. State, Tenn.Cr.App., 460 S.W.2d 861, 864–865, certiorari denied (1970).

■ Another such claim relates to the alleged failure of the state of Tennessee to accord the petitioner due process of state law, in that the trial judge "altered" the verdict reported therein by the jury. The undisputed facts are that Mr. Morelock was charged in cause no. 2679, Criminal Court of Hawkins County, Tennessee, with murder in the first degree. The foreman of the jury reported to the Court in that case: "The jury finds the defendant guilty as

charged with a sentence of 50 years * in jail." T.C.A. § 39–2404 provides:

> * * * The jury before whom the offender is tried, shall ascertain in their verdict whether it is murder in the first or second degree; * * *

Recognizing that the jury could not sentence Mr. Morelock to more than 20 years for murder in the second degree, the trial judge inquired if he had correctly understood that the jury had ascertained in its verdict that it was murder in the first degree, to which the foreman replied in the affirmative. Subsequently, by a show of hands, all the jurors indicated that such was the ascertainment in their verdict (as well as with reference to another verdict reported simultaneously in a companion case). Thus, the jury in no. 2679 did ascertain in their verdict that Mr. Morelock was guilty of murder in the first degree.

■ The other matters of which Mr. Morelock complains do not rise to the dignity of federal constitutional questions. Each of these relates to Tennessee law and procedure and represents alleged errors correctable only on appeal. Manier v. Neil, D.C.Tenn. (1969), 306 F.Supp. 643, 644 [2], appeal dismissed by order C.A. 6th (1969), no. 19,780 [decided December 8, 1969].

It appearing to the Court that the petitioner is not in custody of the respondent in violation of the Constitution or laws of the United States, his application for the federal writ of habas corpus hereby is denied. As only questions of law are, in actuality, presented, the petitioner, having been permitted to proceed herein in forma pauperis may proceed on any timely appeal herein in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. This memorandum may be considered as a certificate of probable cause in such event. Rule 22 (b), Federal Rules of Appellate Procedure.

---

* " * * * Every person convicted of murder in the second degree, shall be imprisoned in the penitentiary for not less than ten (10) years nor more than twenty (20) years. * * * " T.C.A. § 39–2408.