**W. L. HOLT, Jr., Petitioner,**

v.

**Vinson THOMPSON, etc., Respondent.**

**No. CIV–2–77–9.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 24, 1977.

On Motion for Extension March 8, 1977.

W. L. Holt, Jr., pro se.

Brooks McLemore, Jr., Atty. Gen., State of Tenn., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, District Judge.

This is a *pro se* application for the federal writ of habeas corpus by the petitioner Mr. Holt, Jr. who is in the custody of the respondent pursuant to the judgment of July 1, 1971 of the Criminal Court of Greene County, Tennessee. Mr. Holt claims, *inter alia*, that he is in such custody in violation of the Constitution, Sixth Amendment, in that he was denied his federal right to the assistance of counsel during his preliminary hearing therein. 28 U.S.C. § 2254(a). The applicant exhausted the remedies available in the courts of Tennessee applicable to the five grounds urged in support of his current application, 28 U.S.C. § 2254(b). See *W. L. Holt, Jr.,* plaintiff-in-error, *v. State of Tennessee,* defendant-in-error, no. 62, Greene Criminal, in the Court of Criminal Appeals of Tennessee, decision filed August 10, 1972, certiorari denied by the Tennessee Supreme Court on November 6, 1972.

Four of these grounds relate to instructions of the state trial judge to the jury; judicial action on the petitioner's motion for a severance of defendants; judicial action on the petitioner's motion for a mistrial because of judicially permitted arguments of the prosecuting attorney; and judicial action on the petitioner's motion for a continuance of his trial. Each of these grounds relates to Tennessee law and procedure.

■ A state prisoner's claim that, in the trial in which he was convicted and as a result of which he is incarcerated, the trial judge instructed the jury improperly and erred in permitting certain arguments to the jury by the prosecuting attorney are not proper grounds for obtaining relief through habeas corpus in a federal court. *Joe Green,* petitioner, *v. Jimmy R. Rose, Etc.,* respondent, no. CIV–2–75–17, memorandum opinion of March 3, 1975. The same is true of the petitioner's claims of judicial error in denying his motions for a severance and a continuance of his trial. *Cf. Cozzolino v. State of Tennessee,* D.C. Tenn. (1974), 381 F.Supp. 1396, 1397, decision affirmed C.A. 6th (1974), 503 F.2d 1404 (table); *Manier v. Neil,* D.C.Tenn. (1969), 306 F.Supp. 643, 644[2], appeal dismissed C.A. 6th by order of December 8, 1969 in no. 19,780.

■ As to the federal constitutional claim of the petitioner, *supra,* the Court of Criminal Appeals of Tennessee included in its written opinion a factual finding that any such deprivation was harmless in the instant situation beyond a reasonable doubt. Mr. Special Judge Duncan stated, *inter alia* :

  *   *   *   *   *   *

Even were we to apply the rationale of *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) in holding a preliminary hearing to be a "critical stage" at which a defendant would have a right to counsel, still the record in this cause would not merit relief for the defendant under this [a]ssignment. *Coleman,* supra, held that denial of counsel at a preliminary hearing could constitute merely harmless error under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

  *   *   *   *   *   *

From a review of the record in this cause, it is obvious that the defendant's trial was in no way affected by any of the proceedings that took place at his preliminary hearing. His lack of counsel at that stage in no way prejudiced him at his trial. Thus we find beyond a reasonable doubt that any error in not providing

petitioner with counsel at the preliminary hearing was at most a "harmless error", and not such as would afford him any relief in this cause.

\* \* \* \* \* \*

*W. L. Holt, Jr.,* plaintiff-in-error, *v. State of Tennessee,* defendant-in-error, *supra.* This factual finding was necessarily made upon the record of the petitioner's trial as a whole, and being made by a Tennessee court of competent jurisdiction, in a proceeding to which the applicant and the state of Tennessee were parties, it is presumed to be correct. 28 U.S.C. § 2254(d).

It thus appearing from the petitioner's application to this Court that he is not entitled to the federal writ of habeas corpus, the applicant Mr. Holt hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should the applicant give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on any such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure.

Any such notice will be treated also as an application for a certificate of probable cause. As an issue with subjective overtones has been adjudicated herein which is not plainly frivolous and constitutes a substantial question worthy of further consideration, *Ex Parte Farrell,* C.A. 1st (1951), 189 F.2d 540, 543[1], certiorari denied *sub nom. Farrell v. O'Brien* (1951), 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634, in that event such certificate will ISSUE. Rule 22(b), Federal Rules of Appellate Procedure.

## ON MOTION FOR EXTENSION

■ Judgment was entered herein on January 24, 1977. By order and certificate of the same date, the petitioner was authorized to proceed on any timely appeal therefrom in forma pauperis, and probable cause for such appeal was certified by this Court. On March 4, 1977—39 days after entry of judgment herein—the petitioner lodged with the clerk of this Court a notice of appeal.

" \* \* \* In a civil case [including an application for the federal writ of habeas corpus] \* \* \* in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 [of the Federal Rules of Appellate Procedure] shall be filed with the clerk within 30 days of the date of the entry of the judgment \* \* \* appealed from \* \* \*.

"Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted \* \* \* after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate." Rule 4(a), Federal Rules of Appellate Procedure.

An appeal is permitted herein as a matter of right to the Court of Appeals for this circuit upon the issuance of a certificate of probable cause. 28 U.S.C. § 2253. This Court FINDS that the petitioner made a satisfactory showing of excusable neglect in filing notice of an appeal herein in his motion lodged with the clerk on March 4, 1977.

Accordingly, the time in which the petitioner may file his notice of appeal hereby is ENLARGED until 60 days from January 24, 1977. It appearing from his certificate that the petitioner gave the Attorney General of Tennessee, notice on March 2, 1977 that he was seeking such an extension, unless the respondent shall show sufficient cause before midnight, March 23, 1977 why such enlargement should not become effective, the clerk of this Court will file as timely the appeal herein on March 24, 1977.