**James MULLINS, Jr., Petitioner,**

v.

**H. C. DAVIS, etc., et al., Respondents.**

**No. CIV-2-80-43.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 19, 1980.

James Mullins, Jr., pro se.

William M. Leech Jr., Atty. Gen. of Tenn., Nashville, Tenn., for respondents.

### MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, District Judge.

The petitioner Mr. James Mullins, Jr., a person in the custody of the respondent-warden pursuant to the judgment of November 10, 1977 of the Criminal Court of Hamblen County, Tennessee, applied *in propria persona* to this Court for the federal writ of habeas corpus. This Court grants such applications by a state prisoner " * * * only on the ground that [the applicant] is in custody in violation of the Constitution or laws of treaties of the United States." 28 U.S.C. § 2254(a); *Fairbanks v. Cowan*, C.A. 6th (1977), 551 F.2d 97, 99–100[5].

Mr. Mullins claims violations of his federal constitutional rights in that:

1.  the trial Court erred in overruling his motion for a new trial:

    (a) " * * * for the reason that the state improperly introduced evidence of a prior criminal charge against the petitioner in which he was found not guilty * * * ";

    (b) " * * * for the reason that the jury was prejudiced against the petitioner by [sic] certain intentional and inflammatory statements of the state's attorney in closing arguments * * ";

    (c) " * * * for the reason that the state improperly introduced evidence of and made comment on burglary charges not in this [sic] case * * * "; and,

    (d) " * * * for the reason that the foreman of the grand jury had not attested in any one of the five counts of said [sic] indictment/presentment that any witness was ever sworn or examined by him in the grand jury room * * * ";

2.  the trial Court erred in overruling petitioner's motion to dismiss the indict-

ment for the reason that no time of the alleged burglary was stated;

3. the petitioner was denied his right to the assistance of counsel, Constitution, Sixth Amendment, at his preliminary hearing; and,

4. the petitioner was denied his guaranty against cruel and unusual punishment, Constitution, Eighth Amendment, when his punishment for felonious convictions was enhanced to life imprisonment on the basis of his having earlier been convicted 3 times within Tennessee of felonies while he was a juvenile.

It appears plainly from the face of the petition of Mr. Mullins and the exhibits annexed thereto that he is not entitled to any relief in this Court. Rule 4, Rules Governing Section 2254 Cases in the United States District Court. For the failure of the applicant to state a claim for review of a violation of the federal Constitution, his application hereby is

DISMISSED summarily. Copies of this order shall be served by the clerk by certified mail upon the petitioner, the respondent, and the Attorney General of Tennessee. *Idem.*

■ The first 2 of the purported grounds for relief aforementioned by the petitioner, *supra,* relate to the law and procedure of Tennessee which were correctable only on Mr. Mullins' appeal to the appellate courts. *Manier v. Neil,* D.C.Tenn. (1969), 306 F.Supp. 643, 644[2], appeal dismissed C.A. 6th December 8, 1969 in no. 19,780. These were evidently considered and rejected on appeal to the Court of Criminal Appeals of Tennessee with petition for certiorari denied both by the Supreme Court of Tennessee and the Supreme Court of the United States.*

There is no merit to the applicant's third aforementioned claim of a federal constitutional violation, *supra.* Although at a preliminary hearing, which is a critical stage of

a state's criminal process, the accused is as much entitled to the assistance of counsel as he is at the time of the trial itself, *Coleman v. Alabama* (1970), 399 U.S. 1, 9, 90 S.Ct. 1999, 2003, 26 L.Ed.2d 387, 396[1], " * * * '*Coleman* does not make the Sixth Amendment right to counsel apply to a preliminary hearing of the type conducted in Tennessee.' * * * " *Harris v. Neil,* C.A. 6th (1971), 437 F.2d 63, 64[1]; *contra: McKeldin v. State,* (Tenn.,1974), 516 S.W.2d 82, 86[8].

■ Neither is there merit to the final aforementioned claim of a federal constitutional violation stated by the applicant, *supra.* The Tennessee " * * * habitual criminal act is not unconstitutional as inflicting cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States. See also *Frazier v. State,* 480 S.W.2d 553 (Tenn.Cr.App. 1972). * * * " *Pearson v. State* (Tenn.,1975), 521 S.W.2d 225, 229[7]; *accord: Hobby v. State* (Tenn.Crim.App., 1973), 499 S.W.2d 956, 958–959[8]. This is in line with the usual judicial expression when recidivist statutes of the states are challenged upon the ground that they infringe upon the Constitution, Eighth Amendment. *Graham v. West Virginia* (1912), 224 U.S. 616, 631, 32 S.Ct. 583, 588, 56 L.Ed. 917; 924 (headnote 5), cited in *Spencer v. Texas* (1967), 385 U.S. 554, 560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606, 611–612 [2].

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, Rule 58(1), Federal Rules of Civil Procedure, he is authorized to proceed on such appeal *in forma pauperis.* Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), Federal Rules of Appellate Procedure. As there are divergent views as to the viability of one of the issues raised by the applicant, such certificate will ISSUE. *Idem.*

---

* That denial of certiorari by the Supreme Court of the United States was not an adjudication by a federal court of the original conviction of Mr. Mullins on the merits and is without substan-

tive significance herein. *Brown v. Allen* (1953), 344 U.S. 443, 497, 73 S.Ct. 397, 422, 97 L.Ed. 469, 510 (headnote 3).