955 F.2d 44
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James MULLINS, Jr., Petitioner-Appellant,
v.
David MILLS, Warden, Respondent-Appellee.
 No. 91-5838.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1992.
 
 1
 Before MILBURN and RYAN, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 James Mullins, Jr., appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Mullins in November 1977 of second degree burglary, grand larceny, and being a habitual criminal. He was sentenced to life imprisonment. Mullins's direct appeal and several petitions for post-conviction relief were denied. Also, Mullins has filed three previous federal habeas petitions.
 
 
 4
 In his present habeas petition, Mullins raises three grounds for relief: 1) the state improperly introduced evidence of a prior criminal charge against Mullins in which he was found not guilty, 2) intentional and inflammatory statements by the state's attorney during closing argument prejudiced the jury against Mullins, and 3) the state improperly introduced evidence of and commented on burglary charges not at issue in this case. The district court granted the respondent's motion to dismiss for failure to exhaust state remedies. Mullins's motion for reconsideration was denied on June 18, 1991.
 
 
 5
 On appeal, Mullins continues to argue the merits of his claims. He requests the appointment of counsel in his brief.
 
 
 6
 Upon review, we affirm the district court's order for a reason other than that stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Although Mullins's presentation of his federal claims to the state courts was only cursory, it appears that any further attempts to petition the state courts regarding the issues presented would be futile and should not be required. See Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987), cert. denied, 485 U.S. 980 (1988).
 
 
 7
 Nonetheless, we conclude that Mullins's present petition was subject to dismissal as successive because the issues raised were considered and rejected through a previous federal habeas petition. See Rule 9(b), Rules Governing Habeas Corpus Cases Under § 2254; Sanders v. United States, 373 U.S. 1, 15 (1963).
 
 
 8
 Mullins's grounds for relief as presented in his present petition were considered and denied on the merits in 1980. Mullins v. Davis, 517 F.Supp. 7 (E.D.Tenn.1980), aff'd, 661 F.2d 933 (6th Cir.1981), cert. denied, 454 U.S. 1151 (1982). Because that decision was adverse to Mullins and it was on the merits, it meets the first two criteria for dismissal under Rule 9(b) as set forth by Sanders. The third criterion is also met because Mullins has not presented a colorable showing of factual innocence as required to merit further review in the interests of justice. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 9
 Accordingly, Mullins's request for counsel is denied. The district court's order dismissing Mullins's petition is affirmed because it is successive. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation