## WALTER MANIER, Petitioner, v. C. MURRAY HENDERSON, Warden, Respondent.

Court of Criminal Appeals of Tennessee. March 5, 1969.

Certiorari Denied by Supreme Court June 16, 1969.

Donald J. Boarman, Johnson City, for petitioner.

George F. McCanless, Atty. Gen. of Tenn., George W. McHenry, Jr. Asst. Atty. Gen., Nashville, Judson D. Thornton, Asst. Dist. Atty. Gen., Jonesboro, for respondent.

## OPINION

WALKER, Judge.

After a full evidentiary hearing, the petitioner below, Walter Manier, appeals from the dismissal of his petition for habeas corpus.

He is presently serving a thirty-year sentence for murder in the first degree after his conviction in Washington County on September 28, 1961. The trial judge made and filed a thorough finding of facts, in which he found all of petitioner's contentions without merit.

The petitioner assigns as error:

1) That the arrest warrant for the petitioner's arrest was issued without probable cause;

2) That he was not provided with a copy of the indictment pending against him; and

3) That he was never formally arraigned.

The trial judge found and the evidence showed

that the warrant was issued on probable cause. Furthermore, this assignment raises no constitutional question. There is no constitutional immunity from an unlawful arrest. Harris v. State, 206 Tenn. 276, 332 S.W.2d 675. The manner of arrest is immaterial to the validity of the indictment.

In Jones v. State, 206 Tenn. 245, 332 S.W.2d 662, the Supreme Court said:

" * * * The correct rule is, however, that all questions as to the sufficiency of the warrant are foreclosed by the finding of an indictment, because under T.C.A. §§ 40-1605 to 40-1625 grand juries in this State are given inquisitorial powers over all indictable or presentable offenses committed or triable within the county. Consequently, it would be a miscarriage of justice to hold that when the probability of the commission of a crime has been called to the attention of the grand jury by either a defective or even a void warrant, the grand jury would be powerless to investigate the situation further and to find a valid indictment for whatever offense or offenses their investigation might develop."

██ The petitioner had employed counsel and the proof does not show that he or his counsel ever requested a copy of the indictment. Since no request was made, this question cannot be raised now. State ex rel. Callahan v. Henderson, 220 Tenn. 417, 417 S.W.2d 789. Moreover, the right to a copy of the indictment is a statutory right rather than a constitutional one and may not be raised by habeas corpus. State ex rel. Wood v. Johnson, 216 Tenn. 531, 393 S.W.2d 135.

The minutes show that the petitioner was arraigned.

He testifed that before his trial he was brought into court and the indictment was read to him; that he was asked how he pleaded, to which he replied that he was not guilty. He also says that he knew he was charged with murder in the first degree.

The purpose and necessity of an arraignment are to fix the identity of the accused, to inform him of the charge against him, and to give him an opportunity to plead. Strict formalities are not required.

In 21 Am.Jur.2d, Criminal Law, Sec. 454, p. 455, it is said:

"The formalities once attendant on the arraignment of a prisoner are no longer required. There need be nothing more than calling the accused to the bar of the court, reading or explaining the accusatory pleading to him, and demanding his plea. The proceeding is sufficient if that which is done amounts, in substance, to an arraignment."

The arraignment in this case was properly held.

Unless the reviewing court is able to say that the evidence preponderates against the finding of the trial court that a petition for the writ of habeas corpus is without merit, such finding is conclusive. State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256.

We are of the opinion that the evidence does not preponderate against the findings of the trial judge but fully sustains it.

The judgment is affirmed.

GALBREATH, J., did not participate in this case.

OLIVER, J., concurs.