BILL FRENCH and RONNIE WALKER, Petitioners,

*v.*

THOMAS H. SHRIVER, District Attorney General, Respondent.

476 S.W.2d 636.

(*Nashville*, December Term, 1971.)

Opinion filed February 7, 1972.

728

HERBERT R. RICH, Nashville, for petitioners; PHILIP M. CARDEN, Nashville, of counsel.

DAVID M. PACK, Attorney General of Tennessee, C. HAYES COONEY, Assistant Attorney General of Tennessee, for respondent.

Mr. Justice Chattin delivered the opinion of the Court.

This matter is before this Court on a petition for the common law writs of certiorari and supersedeas. The petition was granted by a member of this Court and set for hearing at the December 1971 Session of this Court. It was ordered arguments and briefs be confined to the following issues:

"(1) Whether T.C.A. Section 39-3003, et seq., provide exclusive methods of procedure for the prosecution of actions arising thereunder; and

"(2) If such procedures are not exclusive, whether the procedure used in the case now before the Court has any foundation under the laws of the State of Tennessee."

After careful consideration, we are of the opinion the writs heretofore granted should be sustained and the proceedings in the trial court superseded and dismissed.

On September 9, 1971, an Assistant Attorney General for Davidson County purchased two alleged obscene magazines and took photographs of other alleged obscene material at the Swingers Adult News and Peep Show, an alleged business operated by petitioners for the purpose of sale, display, distribution or exhibition of obscene material in violation of our Obscenity Laws, T.C.A. Section 39-3003 et seq.

Pursuant to acquiring this information, the Assistant Attorney General appeared before Honorable John T. Boone, Jr., Judge of the Metropolitan General Sessions Court, Part III, and made affidavit for the issuance of a search warrant.

The warrant was issued and directed the officer to make an inventory of the business house operated by petitioners of certain alleged obscene material displayed or exhibited for sale and distribution; and that the warrant and inventory be returned before the judge issuing the warrant.

On the same day, after the search warrant had been returned with the inventory, the District Attorney General filed a petition in the criminal court of Davidson County for a show cause order against petitioners requiring them to appear before the Judge of the Criminal Court, Division I, of Davidson County, on September 13, 1971, at two P.M., and show cause why the items described in the search warrant and inventory exhibited to the petition should not be ordered subject to seizure.

Judge John L. Draper granted the petition and caused the scire facias or show cause order to issue and be served on petitioners together with the petition.

Also, on the same day, the Clerk of the Criminal Court issued a subpoena duces tecum to which was attached a copy of the inventory to the search warrant requiring them to bring with them one copy of all the magazines and other alleged obscene material set forth in the inventory at the hearing on September 13, 1971.

On September 13, 1971, the parties appeared in court as directed. Petitioners filed a motion to quash the sub-

poena, to withdraw the show cause order, to dismiss the petition for the show cause order and quash the search warrant.

The trial judge overruled the motion. The matter was set for hearing on October 15, 1971.

On October 11, 1971, petitioners filed their petition in this Court for writs of certiorari and supersedeas.

The petition alleged the trial court acted illegally and beyond its jurisdiction in sustaining the petition for the writ of scire facias or show cause order.

Petitioners concede T.C.A. Section 39-3003 et seq., are not exclusive in the sense they preclude the use of other legal methods of procedure for the prosecution of actions arising thereunder.

However, they insist those code sections are exclusive with respect to seizure and suppression of any obscene material.

T.C.A. Section 39-3003 provides in part:

"It shall be a misdemeanor for any person to knowingly sell, distribute, display, exhibit, possess with the intent to sell, distribute, display or exhibit; or to publish, produce, or otherwise create with the intent to sell, distribute, display or exhibit any obscene material. This paragraph shall not be construed to permit the seizure or suppression of any material obscene or otherwise, such seizure or suppression to be lawful only as expressly provided for by law. Provided however, that if the district attorney-general is of the opinion that this section is being violated, he may file a petition in a circuit, chancery, or criminal court of

his district relating his opinion, and request the court to issue a temporary injunction enjoining the person named in said petition from removing the obscene material from the jurisdiction of the court pending an adversary hearing on said petition. Where a temporary injunction is so issued, such adversary hearing shall be held within two (2) days after joinder of issues, at which hearing the court will determine whether or not the material in question is, in fact, obscene. On a finding of obscenity, the court shall continue its injunction in full force and effect for a period not to exceed forty-five (45) days or until an indictment on the matter has been submitted to the grand jury. If forty-five (45) days elapse and the grand jury has taken no action, the injunction terminates on the grand jury returning a not true bill. On the return of a true bill of indictment, the court shall order the obscene material delivered into the hands of the court clerk or district attorney-general, there to be held as evidence in the case."

In support of petitioners' insistence they rely on the second sentence of the above quoted paragraph to the effect the paragraph shall not be construed to permit the seizure or suppression of any alleged obscene material other than as expressly provided by law.

T.C.A. Section 39-3008 provides:

"Except as expressly herein provided, the provisions of secs 39-3003—39-3008 shall not be construed as repealing any provision of any other statutes but shall be supplementary thereto and cumulative thereof."

Respondent admits the procedure followed is not expressly provided for by any statute of this State dealing with the writ of scire facias. He insists, however the scire facias or show cause order based upon the search warrant is not without foundation under the common law of this State.

It is evident T.C.A. Section 39-3003 creates a new right by authorizing the district attorney general to institute proceedings against persons who he is of the opinion are dealing in obscene material in the manner stated therein. It, also, prescribes the remedy for its enforcement.

"It is a general principle that when a right is given by statute, and a remedy provided in the same Act, the right can be pursued in no other mode." *Flatley v. Memphis & Charleston Railroad Company*, 56 Tenn. 230 (1872); *Turner v. Harris*, 198 Tenn. 654, 281 S.W. 2d 661 (1955).

We conclude T.C.A. Sections 39-3003 et seq., provide an exclusive method to be followed by the district attorney general and the court when he elects to proceed to enforce the statute as in this case.

We are of the further opinion the procedure used in this case for the seizure of the alleged obscene material has no foundation under the common law.

As pointed out, the search warrant was issued by a General Sessions Judge and returned to his court.

It is true a purported copy of the search warrant and return thereof was filed as an exhibit to the petition for the show cause order. It was not certified to by the judge or clerk of the court.

Consequently, the search warrant was not of record in the Criminal Court of Davidson County when the petition for the scire facias or show cause order was filed and granted.

"We need hardly observe, that the basis of the scire facias is a record of the court from which it issues, that writ would be inappropriate as a remedy in the circuit court in the present case, the recognizances not being records of that court, and we are not aware of any statute authorizing them to be transferred to and become a part of its records." *State, to Use of Bullard v. Gassaway,* 30 Tenn. 203 (1850).

"A scire facias can issue only from the court having possession of the record on which it is founded, because the writ is founded and must rely for its support on the record of the court which issues it. * * *" 79 C.J.S. Scire Facias sec. 6, page 460.

"A scire facias can issue only out of the court having the record on which it is founded." 42 Am.Jur. Section 23, page 474.

■ This Court, or a member thereof, has authority to grant the writ of certiorari and the writ of supersedeas in aid thereof to review an interlocutory order of the trial court where such court has exceeded the jurisdiction conferred and there is no other plain, speedy or adequate remedy. T.C.A. Section 27-801; *Clements v. Roberts,* 144 Tenn. 129, 230 S.W.2d 30 (1920).

This Court being of the opinion the court below was without jurisdiction to grant the scire facias or show

cause order, the petition for writs of certiorari and supersedeas is sustained, and the proceedings in the trial court will be superseded and the petition dismissed.

DYER, CHIEF JUSTICE, and CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.