**William HARRIS, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Oct. 15, 1975.

Certiorari Denied by Supreme Court March 1, 1976.

B. F. Lowery, Lebanon, for plaintiff in error.

R. A. Ashley, Jr., Atty Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, R. David Allen, Asst. Dist. Atty. Gen., Lebanon, for defendant in error.

RUSSELL, Judge.

## OPINION

William Harris was convicted of possessing marihuana for the purpose of resale and his punishment was fixed at two (2) to five (5) years in the penitentiary. The State's case was grounded upon a sale to a T.B.I. undercover agent, who implicated both Harris and a co-defendant, Linda James, in the alleged sale. The jury acquitted Linda James.

The case was carried directly to the Grand Jury and Harris was indicted on July 18, 1974, and a capias issued that day. In other words, no arrest warrant was issued for him on this charge prior to his indictment. On August 7, 1974, defense counsel filed, first, a motion for abatement of the indictment, because he was "charged and indicted and * * * not afforded a preliminary hearing". Counsel relied upon T.C.A. § 40–1131, as amended effective April 4, 1974. On the same day defense counsel filed a motion for a preliminary hearing, again relying upon T.C.A. § 40–1131. The technical record is unclear as to when these motions were acted upon. After a term caption apparently applying to September 16, 1974, which was the trial commencement date, and the minute entries dealing with the trial, appears an order overruling said motions, and it bears the penned notation, "Enter 3–26–75".

Error is assigned upon the refusal to "dismiss the indictment * * * on the grounds [sic] that he was not accorded a preliminary hearing * * * pursuant to T.C.A. Section 40–1131".

The question is simply whether or not the 1974 amendment to T.C.A. § 40–1131 mandates a preliminary hearing in this case. We hold that it does not.

Prior to the 1974 amendment, the right to a preliminary hearing clearly did not exist after presentment or indictment. *Shadden v. State,* Tenn.Cr.App., 488 S.W.2d 54 (1972); *Hilton v. State,* Tenn.Cr.App., 503 S.W.2d 951 (1973); *Brown v. State,* Tenn. Cr.App., 489 S.W.2d 855 (1972). Effective April 4, 1974, the Legislature added this language:

"If the accused is indicted during the period of time in which his preliminary hearing is being continued, or at any time before accused has been afforded a preliminary hearing on a warrant, whether at his own request or that of the prosecutor, he may abate the indictment upon motion to the court. Provided, however, that no such motion for abatement shall be granted after the expiration of thirty (30) days from the date of the accused's arrest."

■ This language clearly applies only to a situation wherein an accused has been arrested on a warrant prior to indictment, and has no application to the situation in the case sub judice, wherein the very first action against the accused was the return of the indictment. The amendment by clear implication says that while the fact of indictment cuts off the right to a preliminary hearing, as the statute had read and the cases had said, in those cases wherein a warrant had been served prior to indictment and a motion made within thirty (30) days of arrest to abate the indictment for want of a preliminary hearing, it would be abated. The relief specified is not a post-indictment preliminary hearing, but abatement of the indictment.

The contention made on behalf of plaintiff-in-error that his motion for abatement was made within thirty (30) days of his arrest confuses the arrest of him on a post-indictment capias with the pre-indictment arrest contemplated by the statute but not found in this record.

If the Legislature means to say that no person shall be indicted and put to trial on an indictment until they have first had a preliminary hearing then the wording of T.C.A. § 40–1131 will have to be changed. The statute, as written in 1971 and added to in 1974, only covers the case of one arrested on a charge and not given a preliminary hearing prior to indictment. It has no application to a case wherein the first State

action is an indictment or presentment, as here. Obviously, a post-indictment "preliminary hearing" would be a mutation of procedures creating many procedural problems. If broader discovery procedures are desired by the Legislature a direct approach, with procedures tailored to that purpose, would serve far better than bending a probable cause proceeding to serve a discovery purpose.

■ We hold that it was not error for the trial judge to refuse to abate this indictment for want of a preliminary hearing.

■ Error is assigned upon the alleged insufficiency of the evidence supporting the conviction. The State's undercover agent testified that he purchased a pound of marihuana from the accused for one hundred sixty-five dollars ($165.00). The verdict of the jury, approved by the trial judge, accredits the testimony of the prosecution witnesses and establishes the State's theory of the case. *Jamison v. State,* 220 Tenn. 280, 416 S.W.2d 768.

The plaintiff-in-error complains of the introduction of evidence of his prior arrest. This did not actually happen. When the T.B.I. undercover agent was being examined by the prosecuting attorney, this was asked and answered:

"Q. * * * I want to ask you what was the nature of this conversation with the defendant, Mr. Harris, with Mrs. James present, what was that conversation about?

"A. I was about—we were trying to line up more marijuana.

"Q. How much more?

"A. Approximately, somewhere between one and ten pounds. It was to the effect on how much he could deliver. He told me he was going to go pick up ten pounds.

"Q. Did he tell you that he was also going to sell that to you?

"A. Yes, sir, he did.

"Q. And did he deliver it to you?

"A. No, sir, he did not.

"Q. What happened?

"A. He was arrested on—

An objection was interposed, a mistrial moved for, and the trial judge instructed the jury:

"Gentlemen, I will say this: in the questioning of the witness, I believe Mr. Allen used the word "arrest" in some way. Disregard that altogether."

This assignment is without merit.

■ Error is assigned upon the introduction into evidence of the fact of plaintiff-in-error's two prior convictions for possession of marihuana. He admitted these convictions upon cross-examination. On direct examination, defense counsel brought out the fact that he had acquired the marihuana habit while serving in Viet Nam, and had him admit that he had smoked marihuana after returning to civilian life. The assignment is overruled.

■ The defendant alleges that it was error to allow the State to refer to the defendant as a hippie in the State's cross-examination of a defense witness. It was shown that he wore his hair long and had a mustache. We have carefully examined this line of questioning and judge that it was not inflammatory. The appearance of Harris depicted by the proof is not at all uncommon in all youthful circles of today's society.

The plaintiff-in-error contends that the trial court erred in restricting his cross-examination of the undercover officer. We find this assignment to be without merit. No abuse of the trial judge's discretion is evident. *State v. Fowler,* 213 Tenn. 239, 373 S.W.2d 460.

■ Error is assigned upon the trial judge's refusal to dismiss the petit jurors.

It was made to appear by the testimony of a member of the bar that the regular trial judge (who did not preside over this trial) had charged the Grand Jury rather forcefully on the subject of drug offenses, and that the petit jurors were then present. No prejudice was developed on voir dire, none has been documented post-trial, and the defendant took the jury with peremptory challenges left. Under the authority of *Hale v. State,* 198 Tenn. 461, 281 S.W.2d 51, he cannot now be heard to complain. We would observe, also, that the co-defendant, Linda James, against whom the State certainly also had a drug case, was acquitted by this jury. Whatever the regular judge may have charged them did not seem to overcome their discretion.

■ Complaint is made about the jury argument of the prosecuting attorney. Reference was improperly made therein to the confiscation of Linda James' automobile. Obviously, this argument did not prejudice her, since she was acquitted, so can hardly have prejudiced Harris. Nor was the argument which referred to Harris' two previous convictions reversible error.

We have carefully reviewed this record, examined all assignments, and affirm the conviction.

GALBREATH and O'BRIEN, JJ., concur.

GALBREATH, Judge (concurring).

I concur.

Judge RUSSELL has put his judicial finger on what appears to be a legislative defect in the wording of T.C.A. 40–1131, as amended in 1974. Obviously, it was the purpose of the amendment to make available a discovery mechanism to a defendant accused of crime, together with an opportunity to persuade the judicial officer presiding over the preliminary hearing that no probable cause exists that warrants prosecution. In its present posture the law permits and encourages a zealous prosecuting

authority to bypass the purpose of the statute and go directly to the grand jury where all know it is easier to obtain a decision to prosecute than it is in a proceeding in which the witnesses for the State have to withstand the probing of cross-examination.

I fear unless the legislature corrects the deficiency noted that in most instances in which there is any doubt as to the ability of the State to obtain a favorable ruling from a magistrate, particularly if there is some propensity on the part of the prosecution to conceal from the defense some of the evidence upon which reliance for going forward with prosecution is based, the preliminary hearing envisioned by the legislature will become the exception available only in those cases where the exigencies of the circumstances make the issuance of an arrest warrant mandatory.

While a defendant should always be allowed to waive a right to a preliminary hearing, if it is available in some cases as a shield against unwarranted prosecution, it should be available in all.  It now is not.