Grady TAYLOR, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

March 1, 1976.

Certiorari Denied by Supreme Court
April 12, 1976.

Rehearing Denied June 1, 1976.

Frierson M. Graves, Jr., Memphis, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Carl Kirkpatrick, Dist. Atty. Gen., Edgar P. Calhoun, Asst. Dist. Atty. Gen., Blountville, for defendant in error.

## OPINION

DUNCAN, Judge.

The defendant, Grady Taylor, was convicted in the Sullivan County Criminal Court for the offense of exhibiting obscene material, and received a jail sentence of 6 months and a $3,000.00 fine.

The record shows that on March 23, 1974, the district attorney general filed a petition in the Sullivan County Criminal Court against the defendant and others, alleging that they were exhibiting two obscene motion picture films, one untitled and the other titled "Horney Hobo." After an adversary hearing, the trial judge ruled that the motion picture films were obscene, and granted an injunction prohibiting their further exhibition. That case was appealed to the Supreme Court and the trial court's judgment was affirmed. *Taylor v. State ex rel. Kirkpatrick,* 529 S.W.2d 692, 699 (Tenn. 1975).

The case now before us is the defendant's appeal from his criminal conviction for exhibiting the two motion picture films heretofore mentioned.

In his first, fourth, and fifth assignments of error, the defendant alleges that by reason of the procedure used to obtain the evidence, he was compelled to give evidence against himself in violation of his constitutional rights, and that the Tennessee statutes on obscenity are unconstitutional for various enumerated reasons.

■ With respect to these assignments, we note that the same issues contained therein were presented to the Supreme Court in *Taylor v. State ex rel. Kirkpatrick,* supra. The Court ruled against the defendant's contentions regarding those issues and we are bound by that ruling; therefore, these assignments are overruled.

In his second assignment of error, the defendant argues that the arrest warrant was issued in this case without complying with the provisions of T.C.A. § 39–3014, which section provides:

"No criminal action to enforce the provisions of §§ 39–3010—39–3022 shall be commenced except upon application of the district attorney general or his designated representative. Said application shall be made only with the knowledge of and approval by the district attorney general. Criminal action shall commence only on issuance of a warrant by a judge of a court of record. No warrant shall issue until the party against whom a warrant is sought is notified of the application for a warrant and given twenty-four (24) hours to appear and contest the existence of probable cause for the issuance of a warrant. If the defendant fails to appear after notice, the hearing shall be held in his absence."

The record shows that on May 2, 1974, written notice was given to the defendant by a police officer that an application for a criminal warrant would be made on May 6, 1974. The warrant was issued on the latter date by the judge of the criminal court.

Thereafter, the grand jury returned an indictment on July 17, 1974, charging the defendant with exhibiting and displaying obscene motion picture films.

In view of the petition filed by the attorney general on March 23, 1974, and the proceedings that had occurred incident thereto, together with the written notice given by the police officer, we do not see that the defendant was prejudiced by reason of this technical non-compliance with the statute, for it is obvious that he had adequate actual notice of the commencement of this criminal action. Furthermore, the fact the attorney general himself did not give the notice provided by T.C.A. § 39–3014, became inconsequential after the grand jury returned the indictment.

T.C.A. § 40–1605 provides that, "The grand jury shall have inquisitorial powers over all indictable or presentable offenses committed or triable within the county."

T.C.A. § 40–1606 provides that, "The grand jury shall inquire into all indictable or presentable offenses committed or triable within the county, and present them to the court by indictment or presentment."

■ In our opinion, even if it is conceded that there was a technical non-compliance regarding the required statutory notice, it is immaterial in this case. The defendant's conviction depends not upon the validity of the arrest warrant or proceedings incident thereto, but upon the indictment, and the grand jury having inquisitorial powers over this offense, the indictment was valid without regard to whether the defendant had received proper notice that an application would be made for the arrest warrant.

■ The provisions of T.C.A. § 39–3014 must not and cannot be interpreted so as to preclude a grand jury from investigating and returning indictments and presentments for violations of the obscenity laws in the exercise of its inquisitorial powers over all indictable or presentable offenses committed within the county. T.C.A. §§ 40–1605, 40–1606, 40–1609, 40–1617. Logic and the law say otherwise.

In *Jones v. State,* 206 Tenn. 245, 256–57, 332 S.W.2d 662, 667 (1960), our Supreme Court, in holding that all questions about the sufficiency of a warrant are foreclosed by the finding of an indictment, said:

"Counsel has cited no authority and we think none will be found in this State holding that the validity of an indictment is to be tested and limited by what is found in the warrant. The purpose of a warrant is to give an accused person notice that he is charged with some offense and if the warrant is defective, objection may be raised before the committing magistrate or upon a habeas corpus proceeding before indictment. The correct rule is, however, that all questions as to the sufficiency of the warrant are foreclosed by the finding of an indictment, because under T.C.A. §§ 40–1605 to 40–1625 grand juries in this State are given inquisitorial powers over all indictable or presentable offenses committed or triable within the county. Consequently, it would be a miscarriage of justice to hold that when the probability of the commission of a crime has been called to the attention of the grand jury by either a defective or even a void warrant, the grand jury would be powerless to investigate the situation further and to find a valid indictment for whatever offense or offenses their investigation might develop."

In following the above rule in *Manier v. Henderson,* 1 Tenn.Cr.App. 341, 343, 442 S.W.2d 281, 282 (1969), our Court said, "The manner of arrest is immaterial to the validity of the indictment."

In *Mullins v. State,* 214 Tenn. 366, 369–70, 380 S.W.2d 201, 202 (1964), our Supreme Court said:

"This binding over does not have to be by warrant or anything else as when the facts were properly presented to the Grand Jury an indictment might be found under these facts regardless of how the man was bound to the Grand Jury. Numerous cases are in the books and otherwise where defendants are prosecuted un-

der indictments without being arrested prior to the return of the indictments; defendants are indicted after being released at a preliminary hearing; and in other cases defendants are prosecuted under indictments although the initial arrest was invalid."

The case of *French v. Shriver*, 225 Tenn. 727, 731, 476 S.W.2d 636, 637–38 (1972), cited by the defendant in his brief, is not controlling here. That case dealt with the provisions of our former obscenity act, and involved the seizure of evidence contrary to the express provisions of that act. In that case the petitioners conceded that the obscenity statutes there involved did not "preclude the use of other legal methods of procedure for the prosecution of actions arising thereunder." They did insist, and the court agreed, that those statutes were "exclusive with respect to *seizure and suppression of any obscene material*." (emphasis added).

We would agree with the defendant's contention if the present appeal involved the unlawful seizure of the subject evidence. Our Court has recently held that where evidence is seized without following the procedural steps outlined in T.C.A. § 39–3014, then error is present and such evidence must be suppressed. *Runions v. State*, Tenn.Cr.App., opinion released, Jackson, October, 1975.

We must point out, however, that the seizure of the evidence in the present case was not affected in any manner by the proceedings surrounding the issuance of the arrest warrant. Rather, the evidence in this case was lawfully seized by the district attorney general in accordance with the procedures set forth in T.C.A. § 39–3019, such seizure occurring prior to the issuance of the arrest warrant.

■ The indictment in this case is in all respects regular upon its face; it is signed by the District Attorney General, Carl K. Kirkpatrick, as the law requires; it contains sufficient allegations to charge the defendant with a violation of the obscenity laws;

it lists the name of Eddie L. Sims as the prosecutor; therefore, the indictment being valid, it can in no wise be affected by any of the proceedings, irregular or otherwise, that were attendant to the issuance of the notice for an application for an arrest warrant.

Thus, we overrule the defendant's second assignment of error.

■ In his third assignment of error, the defendant argues that the indictment was improper because Officer Eddie Sims was listed as the prosecutor. In making this assertion, the defendant does not point out why it was improper, other than stating that Sims obtained the arrest warrant in violation of the statute, which complaint we have already answered in this opinion. We find no impropriety in Sims being listed as the prosecutor on the indictment. We find no statutory mandate that requires the attorney general to be listed as the prosecutor on an indictment which charges a violation of the obscenity laws. This assignment is not meritorious.

In his sixth assignment, the defendant argues that the motion picture films were not obscene as a matter of law. This same insistence about the same films was made before the Supreme Court in *Taylor v. State ex rel. Kirkpatrick*, supra, and there the Court found these films to be obscene.

In *Taylor*, the Court said:

"Lastly, appellants contend that the films here involved are not obscene. Having viewed these films, we have no hesitation in concluding that said films are grossly obscene. Indeed, they are 'hard core pornography.' The films are in the record and we do not deem it necessary to describe them in detail in this opinion. They clearly come within the definitions of obscene materials set out in Section 2 of the Act. We hold (1) that the average person, applying contemporary community standards, would find that each of these films, taken as a whole, appeals to the prurient interest; (2) that each film depicts or describes, in a patently offen-

sive way, sexual conduct; and (3) that each film, taken as a whole, lacks serious literary, artistic, political or scientific value."

■ The Supreme Court having addressed this same question, we are bound by its ruling. Moreover, we have also viewed these films, and we find that they are obscene within the purview of the definition of that term as set forth in T.C.A. § 39–3010(A). This assignment is overruled.

In his seventh assignment, the defendant complains that no evidence of contemporary community standards was introduced by the State by which the jury could judge the subject films, and in his eighth assignment, he argues that no expert testimony was introduced regarding the obscene character of the films.

■ The law does not require the State to introduce affirmative evidence to show such matters, other than to present the films themselves. *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 2901, 41 L.Ed.2d 590 (1974); *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 56, 93 S.Ct. 2628, 2634, 37 L.Ed.2d 446 (1973); *Kaplan v. California,* 413 U.S. 115, 121, 93 S.Ct. 2680, 2685, 37 L.Ed.2d 492 (1973).

In *Hamling v. United States,* supra, the Court said:

"A juror is entitled to draw on his own knowledge of the views of the average person in the community or vicinage from which he comes for making the required determination, just as he is entitled to draw on his knowledge of the propensities of a 'reasonable' person in other areas of the law."

In the *Paris Adult Theatre* case, the Court said:

"Nor was it error to fail to require 'expert' affirmative evidence that the materials were obscene when the materials themselves were actually placed in evidence. (citations omitted)

"The films, obviously, are the best evidence of what they represent. 'In the

cases in which this Court has decided obscenity questions since *Roth,* it has regarded the materials as sufficient in themselves for the determination of the question.' *Ginzburg v. United States,* 383 U.S. 463, 465, 86 S.Ct. 942, 944, 16 L.Ed.2d 31 (1966)."

In *Kaplan v. California,* supra, the Court, in commenting on its ruling in the *Paris Adult Theatre* case, said:

"We also reject in *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446, any constitutional need for 'expert' testimony on behalf of the prosecution, or for any other ancillary evidence of obscenity, once the allegedly obscene material itself is placed in evidence."

■ In the present case, the films themselves were the best evidence of whether they were obscene, and it was the jury's prerogative to apply its own knowledge in deciding whether the tests of obscenity, as set forth in the statute, had been met.

Thus, we overrule the defendant's seventh and eighth assignments of error.

In his final assignment of error, the defendant contends that the court's instructions did not give a correct definition of contemporary community standards by which the jury could judge the motion picture films.

■ At the trial the defendant made no objection to the court's charge and offered no special requests for instructions. As a general rule, where the court has instructed generally as to the issues, no assignment of error on the judge's charge to the jury, either for omission or inadequacy, may be considered unless a special request was tendered, pointing out the defendant's contention as to the error. *Turner v. State,* 188 Tenn. 312, 219 S.W.2d 188 (1949); *Cook v. State,* 506 S.W.2d 955 (Tenn.Cr.App.1973).

In the defendant's amendment to his motion for a new trial, he makes the broad allegation that "the court did err in charging the jury as to the law governing exhibiting obscene films," but he did not call to

the trial judge's attention the specific complaint about the court's charge which he now raises.

In *Ezell v. State,* 220 Tenn. 11, 18, 413 S.W.2d 678, 681 (1967), the rule was stated in this manner: "It has long been the rule of this Court that errors, to which no objections are made and exceptions taken in the court below, cannot be raised on appeal."

■ Our cases have consistently held that one may not raise questions for the first time in this Court. The trial judge will not be put in error upon matters not brought to his attention in a motion for a new trial. *Bolin v. State,* 4 Tenn.Cr.App. 387, 472 S.W.2d 232 (1971); *Hancock v. State,* 1 Tenn.Cr.App. 116, 430 S.W.2d 892 (1968); Rule 14(5), Rules of the Supreme Court—adopted by this Court.

■ Notwithstanding the foregoing, we have reviewed the court's charge and find that it properly charges the law in accordance with the provisions of T.C.A. § 39–3013, as well as charging the applicable definitions contained in T.C.A. § 39–3010. A sufficient definition of contemporary community standards was contained in the judge's charge. Further, the court's instructions meet the tests for obscenity as promulgated by *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

We overrule the defendant's assignment complaining of the court's charge.

We find no reversible errors in this record. The judgment of the trial court is affirmed.

WALKER, P. J., and J. C. BEASLEY, Special Judge, concur.