Ricky **VAUGHN, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee.

Sept. 6, 1977.

---

OPINION AND ORDER

HENRY, Justice.

This petition for the common law writ of certiorari raises the single question of the proper construction of Sec. 40–1131, T.C.A., relating to preliminary hearings.

Petitioner was arrested on 14 June 1977, pursuant to a four-count indictment found by the Dyer County Grand Jury. No prior warrant of arrest was issued and no preliminary hearing was held.

In the trial court, Petitioner (1) moved for a preliminary hearing, (2) filed a plea in abatement, and (3) moved to dismiss the indictment. All were grounded upon Sec. 40–1131, T.C.A., and all were overruled by the trial judge.

Sec. 40–1131, T.C.A., reads as follows: 40–1131. *Right to preliminary hearing.*—In all criminal cases, prior to presentment and indictment, whether the charge be a misdemeanor or a felony, the accused shall be entitled to a preliminary hearing, whether the grand jury of the county be in session or not.

If the accused is indicted during the period of time in which his preliminary hearing is being continued, or at any time before accused has been afforded a preliminary hearing on a warrant, he may abate the indictment upon motion to the court. Provided, however, that no such motion for abatement shall be granted after the expiration of thirty (30) days from the date of the accused's arrest.

The first paragraph of § 40–1131 was passed on May 12, 1971. The second paragraph was effective April 4, 1974.

■ A preliminary hearing is not constitutionally required. *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); *McKeldin v. State,* 516 S.W.2d 82 (Tenn.1974); *McCracken v. State,* 529 S.W.2d 724 (Tenn.Crim.App.1975).

While this statute is not a model of clarity, we think its import is properly set forth in *Harris v. State,* 534 S.W.2d 868, 870 (Tenn.Crim.App.1975).

This language clearly applie[d] only to a situation wherein an accused has been arrested on a warrant prior to indictment, and has no application to the situation in the case sub judice, wherein the very first action against the accused was the return of the indictment. . . .

If the Legislature means to say that no person shall be indicted and put to trial on an indictment until they have first had a preliminary hearing then the wording of T.C.A. § 40–1131 will have to be changed. The statute, as written in 1971 and added to in 1974, only covers the case of one arrested on a charge and not given a preliminary hearing prior to indictment. It has no application to a case wherein the first State action is an indictment or presentment, as here. Obviously, a post-indictment "preliminary hearing" would be a mutation of procedures creating many procedural problems. If broader discovery procedures are desired by the Legislature a direct approach, with procedures tailored to that purpose, would serve far better than bending a probable cause proceeding to serve a discovery purpose.

When consideration is given to the evil sought to be corrected by Chapter 245, Acts of 1971, the legislative intent becomes even more apparent. Chapter 16, Acts of 1899 appears as Sec. 11575 in Williams' Tennessee Code and in the Code Supplement of 1950, and as Sec. 40–402 T.C.A. (original volume). It read, in pertinent part, as follows:

> Whenever any person, is [charged upon a state's warrant], if the grand jury of the county . . . is in session, the . . justice of the peace shall not try the case, unless the defendant pleads guilty, but shall [take bond, etc.] pending an investigation of said offense by said grand jury.

This section was repealed by Chapter 245, Acts of 1971, which forms the basis of the first paragraph of Sec. 40–1131, T.C.A., which mandates a preliminary hearing irrespective of the convention of the grand jury—but only in those cases wherein the accused was charged by arrest warrant.

Nothing in Sec. 40–1131 mandates a preliminary hearing in those cases wherein the prosecution originated by presentment or indictment. The District Attorney General and law enforcement personnel are legally entitled to omit the normal arrest procedure and to take their cases directly to the grand jury whenever they feel it feasible to assume the potential hazard of an uncharged defendant's unceremonious departure from the jurisdiction.

The writ is respectfully denied, but without prejudice to petitioner's right to assign appropriate error should an appeal be pursued.