STATE of Tennessee, Appellant,

v.

SOUTHLAND NEWS CO., INC., et al., Appellees.

Court of Criminal Appeals of Tennessee.

June 8, 1979.

On Petition to Rehear July 5, 1979.

Permission to Appeal Denied by Supreme Court Aug. 27, 1979.

William M. Leech, Jr., Atty. Gen. Robert L. Jolley, Jr., Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Richard P. McCully, Asst. Dist. Atty. Gen., Nashville, for appellant.

Larry D. Woods and James N. Bryan, Jr., Nashville, for appellees.

## OPINION

TATUM, Judge.

This is an appeal by the State seeking to reverse a judgment of the trial court dismissing four indictments charging the appellees with selling obscene material in violation of T.C.A. § 39–3013 (Chapter 510, Section 3, 1974 Public Acts of Tennessee). The trial judge sustained the appellee's motion to dismiss on the ground that "the District Attorney General has failed to abide by Section 39–3014[1] of the Tennessee Code Annotated."

The trial judge's finding of fact upon which the indictments were dismissed is as follows:

1. The statute with which we are concerned was enacted as Acts 1974 (Adj.S.) ch. 510, § 4. It has since been amended.

As a factual background, these cases are allegations of the sale of certain obscene material. At a time in December of 1977, two Metropolitan Police Officers purchased certain allegedly obscene literature from the defendants, and then went to the District Attorney General's Office of Davidson County whereupon indictments were prepared and the officers appeared before the Davidson County Grand Jury and obtained indictments. It is factually interesting to note, but not material in determining the issue, the District Attorney General had been advised by the Grand Jury to go over all the cases before presenting them to the Grand Jury and only send good ones. (See testimony of Grand Jury Foreman). The District Attorney General signed the indictments which were carried to the Grand Jury. The Court finds as a matter of fact, this prosecution was a District Attorney General's prosecution as distinguished from an independent Grand Jury investigation directed towards returning a presentment.

 Stripped to its bare essentials, the question before us is whether an indictment is invalid when the District Attorney General presents the case directly to the Grand Jury, bypassing the preliminary hearing procedure set out in T.C.A. § 39–3014. We think that this question is answered in the negative by *Taylor v. State*, 544 S.W.2d 897 (Tenn.Cr.App.1976). We adopt the language of the *Taylor* case:

In his second assignment of error, the defendant argues that the arrest warrant was issued in this case without complying with the provisions of T.C.A. § 39–3014, which section provides:

"No criminal action to enforce the provisions of §§ 39–3010—39–3022 shall be commenced except upon application of the district attorney general or his designated representative. Said application shall be made only with the knowledge of and approval by the district attorney general. Criminal action shall commence only on issuance of a warrant by a judge of a court of record. No warrant shall issue until the party against whom a warrant is sought is notified of the application for a warrant and given twenty-four (24) hours to appear and contest the existence of probable cause for the issuance of a warrant. If the defendant fails to appear after notice, the hearing shall be held in his absence."

The record shows that on May 2, 1974, written notice was given to the defendant by a police officer that an application for a criminal warrant would be made on May 6, 1974. The warrant was issued on the latter date by the judge of the criminal court. Thereafter, the grand jury returned an indictment on July 17, 1974, charging the defendant with exhibiting and displaying obscene motion picture films.

In view of the petition filed by the attorney general on March 23, 1974, and the proceedings that had occurred incident thereto, together with the written notice given by the police officer, we do not see that the defendant was prejudiced by reason of this technical non-compliance with the statute, for it is obvious that he had adequate actual notice of the commencement of this criminal action. Furthermore, the fact the attorney general himself did not give the notice provided by T.C.A. § 39–3014, became inconsequential after the grand jury returned the indictment.

T.C.A. § 40–1605 provides that, "The grand jury shall have inquisitorial powers over all indictable or presentable offenses committed or triable within the county."

T.C.A. § 40–1606 provides that, "The grand jury shall inquire into all indictable or presentable offenses committed or triable within the county, and present them to the court by indictment or presentment."

In our opinion, even if it is conceded that there was a technical non-compliance regarding the required statutory notice, it is immaterial in this case. The defendant's conviction depends not upon the validity of the arrest warrant or proceedings incident thereto, but upon the indict-

ment, and the grand jury having inquisitorial powers over this offense, the indictment was valid without regard to whether the defendant had received proper notice that an application would be made for the arrest warrant.

The provisions of T.C.A. § 39–3014 must not and cannot be interpreted so as to preclude a grand jury from investigating and returning indictments and presentments for violations of the obscenity laws in the exercise of its inquisitorial powers over all indictable or presentable offenses committed within the county. T.C.A. §§ 40–1605, 40–1606, 40–1609, 40–1617. Logic and the law say otherwise.

In *Jones v. State*, 206 Tenn. 245, 256–57, 332 S.W.2d 662, 667 (1960), our Supreme Court, in holding that all questions about the sufficiency of a warrant are foreclosed by the finding of an indictment, said:

"Counsel has cited no authority and we think none will be found in this State holding that the validity of an indictment is to be tested and limited by what is found in the warrant. The purpose of a warrant is to give an accused person notice that he is charged with some offense and if the warrant is defective, objection may be raised before the committing magistrate or upon a habeas corpus proceeding before indictment. The correct rule is, however, that all questions as to the sufficiency of the warrant are foreclosed by the finding of an indictment, because under T.C.A. §§ 40–1605 to 40–1625 grand juries in this State are given inquisitorial powers over all indictable or presentable offenses committed or triable within the county. Consequently, it would be a miscarriage of justice to hold that when the probability of the commission of a crime has been called to the attention of the grand jury by either a defective or even a void warrant, the grand jury would be powerless to investigate the situation further and to find a valid indictment for whatever offense or offenses their investigation might develop."

In following the above rule in *Manier v. Henderson*, 1 Tenn.Cr.App. 341, 343, 442 S.W.2d 281, 282 (1969), our Court said, "The manner of arrest is immaterial to the validity of the indictment."

In *Mullins v. State*, 214 Tenn. 366, 369–70, 380 S.W.2d 201, 202 (1964), our Supreme Court said:

"This binding over does not have to be by warrant or anything else as when the facts were properly presented to the Grand Jury an indictment might be found under these facts regardless of how the man was bound to the Grand Jury. Numerous cases are in the books and otherwise where defendants are prosecuted under indictments without being arrested prior to the return of the indictments; defendants are indicted after being released at a preliminary hearing; and in other cases defendants are prosecuted under indictments although the initial arrest was invalid."

The case of *French v. Shriver*, 225 Tenn. 727, 731, 476 S.W.2d 636, 637–38 (1972), cited by the defendant in his brief, is not controlling here. That case dealt with the provisions of our former obscenity act, and involved the seizure of evidence contrary to the express provisions of that act. In that case the petitioners conceded that the obscenity statutes there involved did not "preclude the use of other legal methods of procedure for the prosecution of actions arising thereunder." They did insist, and the court agreed, that those statutes were "exclusive with respect to *seizure and suppression of any obscene material*." (emphasis added).

We would agree with the defendant's contention if the present appeal involved the unlawful seizure of the subject evidence. Our Court has recently held that where evidence is seized without following the procedural steps outlined in T.C.A. § 39–3014, then error is present and such evidence must be suppressed. *Runions v. State*, Tenn.Cr.App., opinion released, Jackson, October, 1975.

We must point out, however, that the seizure of the evidence in the present case was not affected in any manner by the proceedings surrounding the issuance of the arrest warrant. Rather, the evidence in this case was lawfully seized by the district attorney general in accordance with the procedures set forth in T.C.A. § 39–3019, such seizure occurring prior to the issuance of the arrest warrant.

The indictment in this case is in all respects regular upon its face; it is signed by the District Attorney General, Carl K. Kirkpatrick, as the law requires; it contains sufficient allegations to charge the defendant with a violation of the obscenity laws; it lists the name of Eddie L. Sims as the prosecutor; therefore, the indictment being valid, it can in no wise be affected by any of the proceedings, irregular or otherwise, that were attendant to the issuance of the notice for an application for an arrest warrant.

Thus, we overrule the defendant's second assignment of error.

On authority of *Taylor*, we hold that a grand jury might return a valid indictment when the proceeding under T.C.A. § 39–3014 is fatally defective or even omitted.

T.C.A. § 39–3014 does not preclude the origination of a prosecution under the obscenity statutes by presentment or indictment. This section must be construed in *pari materia* with T.C.A. § 39–3022:

> 39–3022. Remedies supplementary.— The remedies and procedures set out in §§ 39–3010—39–3022 are supplementary to each other and no remedy shall be construed as excluding or prohibiting the use of any other remedy.
>
> Except as expressly herein provided, the provisions of §§ 39–3010—39–3022 shall not be construed as repealing any provisions of any other statute, but shall be supplementary thereto and cumulative thereto.

■ There are no express provisions in §§ 39–3010—39–3022 repealing or modifying T.C.A. §§ 40–1605 or 40–1606. In construing § 39–3022, we must bear in mind the fundamental rule of statutory construction requiring us to ascertain and give effect to the intention or purpose of the legislature as expressed in the statute. The legislative intent or purpose must be ascertained primarily from natural and ordinary meaning of the language used, when read in context of the entire statute, without any forced or subtle construction to limit or extend the import of that language. *Worrall v. Kroger Co.*, 545 S.W.2d 736 (Tenn.1977). To hold that § 39–3014 is the exclusive remedy for commencing criminal prosecutions under the obscenity statutes would require us to ignore the expressed provisions of T.C.A. § 39–3022; this we are not permitted to do.

■ Nor is it determinative that the District Attorney General elected to commence these prosecutions by Grand Jury indictment. It is the prerogative of the District Attorney General and law enforcement personnel to omit the arrest procedure and take prosecutions directly to the grand jury. *Moore v. State*, 578 S.W.2d 78 (Tenn. 1979); *Vaughn v. State*, 557 S.W.2d 64 (Tenn.1977); *Harris v. State*, 534 S.W.2d 868 (Tenn.Cr.App.1975). The trial judge finding "this prosecution was a District Attorney General's prosecution as distinguished from an independent Grand Jury investigation directed toward returning a presentment" does not distinguish the cases *sub judice* from the *Taylor* case. An indictment returned by a grand jury, if valid on its face, is enough to call for trial of the charge on the merits. *State v. Northcutt*, 568 S.W.2d 636 (Tenn.Cr.App.1978).

The appellees rely upon *Runions v. State*, an unpublished opinion of this court filed at Jackson in October, 1975, and *French v. Shriver*, 225 Tenn. 727, 476 S.W.2d 636 (1972) for the proposition that T.C.A. § 39–3014 provides the exclusive means of initiating a prosecution under the obscenity statute. The answer given by the *Taylor* court, above quoted, to this contention is applicable to this case.

The judgment of the Criminal Court dismissing the indictments in case numbers

C–1863, C–1864, C–1865 and C–1866 is reversed and these cases are remanded to the Criminal Court of Davidson County for further proceedings not inconsistent with this opinion.

O'BRIEN, J., and JERRY SCOTT, Special Judge, concur.

### OPINION ON PETITION FOR REHEARING

TATUM, Judge.

The appellees have filed a petition to rehear this case. The petition contains reargument of matters which we have previously considered; it neither cites new authority nor points out any material fact which we have overlooked. Tennessee Supreme Court Rule 32 (adopted by this Court).

The Petition to Rehear is denied.

O'BRIEN, J., and JERRY SCOTT, Special Judge, concur.