**STATE of Tennessee, Appellee,**

v.

**Norman WALLACE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 20, 1985.

Cleveland C. Turner, Clarksville, Dale M. Quillen, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, Patrick McCutchen, Dist. Atty. Gen., Clarksville, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Norman R. Wallace, was convicted of being an habitual drug offender and was sentenced to imprisonment for twenty-five (25) years. Also, the defendant was fined twenty thousand dollars ($20,-000). Further, an order was entered placing a lien upon his real property to secure the payment of the fine. T.C.A. § 39–6–417(d)(1–4) and (e) (Supp.1985).

For reasons stated later in this opinion, we must reverse and set aside the defendant's conviction as an habitual drug offender, and it is necessary to remand this case to the trial court for further proceedings.

The record shows that the Montgomery County Grand Jury returned a five (5) count indictment against the defendant. Counts 1, 2, and 3 charged the defendant with selling dilaudid, a Schedule II controlled substance, each of these counts alleging sales on different dates. Count 4 charged him with conspiring to sell dilaudid, but this count was severed from the others. Count 5 charged the defendant with being an habitual drug offender, listing the sales alleged in the preceding 4 counts of the indictment, and alleging two (2) prior convictions of simple possession of controlled substances.

In a bifurcated procedure, the defendant was first tried on counts 1, 2, and 3, and was found guilty of selling a Schedule II controlled substance as charged in each count. The jury fixed a fine of one thousand dollars ($1,000.00) on count one (1) and fines of fifteen thousand dollars ($15,-000.00) on each of the other two (2) counts.

Subsequently, the defendant was put to trial on count five (5) and was found guilty of being an habitual drug offender. Thereafter, because the defendant had been found guilty on count 5, the trial court set aside the jury's verdict on counts 1, 2, and 3. At a subsequent sentencing hearing, the trial court fixed the defendant's punishment for his habitual drug offender conviction, as we indicated at the outset of this opinion.

■ We will first direct our attention to the defendant's complaint that he should not have been convicted of being an habitual drug offender because he had no prior convictions involving the sale of drugs. We find merit to this complaint.

The record shows that the defendant had been previously convicted of drug violations in two (2) cases. One conviction was for simple possession of preludin and the other for simple possession of marihuana.

T.C.A. § 39–6–417(d) (Supp. 1985), under which the defendant was charged, makes it a Class X felony to be engaged as an habitual drug offender, which term is defined under subsection (d)(1) of the statute as "one who engages in the protracted and repeated manufacturing, delivering, selling, processing with intent to manufacture, deliver or sell or conspiring with another with intent to manufacture, deliver or sell

or possess with intent to manufacture, deliver or sell any controlled substance under any schedule or combination of schedules ..." Further, under subsection (d)(3) of the statute, "no person shall be deemed as a habitual drug offender if such person has no prior convictions." This latter proviso was added by legislative amendment in 1982.

It is necessary for us to ascertain and give effect to the legislature's intent regarding the 1982 amendment quoted above. *State v. Doe,* 588 S.W.2d 549 (Tenn.1979). Such legislative intent is to be ascertained primarily from the natural and ordinary meaning of the language used when read in context of the entire statute. *State v. Southland News Co., Inc.,* 587 S.W.2d 103 (Tenn.Cr.App.1979). Criminal statutes must be strictly construed in favor of the defendant. *Key v. State,* 563 S.W.2d 184 (Tenn.1978).

The definition of an habitual drug offender under subsection (d)(1) of the statute does not mention the offense of simple possession of drugs. When that definition is read in conjunction with the proviso stated in subsection (d)(3), that "no person shall be deemed as a habitual drug offender if such person has no prior convictions," we readily conclude that the legislature intended the term "prior convictions" to mean prior felony convictions involving the sale or other trafficking in drugs in the manner described in subsection (d)(1). A full reading of the statute convinces us that the legislature did not intend that prior convictions for simple possession of drugs could be utilized in habitual drug offender prosecutions.

Our Supreme Court's holding in *State v. Hinsley,* 627 S.W.2d 351 (Tenn.1982), is not antagonistic to the holding we make here. In *Hinsley,* the Court held that prior convictions for drug sales were not required before one could be found guilty as an habitual drug offender, as long as the evidence established the requisite number of drug sales that were on trial. *Hinsley* was decided prior to the 1982 amendment to the Act, and obviously, the Supreme Court

would now require that previous convictions for drug sales would have to be shown. Also, there is nothing discussed in *Hinsley* about misdemeanor convictions involving the simple possession of drugs.

Thus, we hold that prior convictions for simple possession of controlled substances cannot be utilized to convict a defendant of being an habitual drug offender. Accordingly, the defendant's conviction for this offense must be reversed and set aside.

Because of the ruling we must make, we need only to briefly discuss the defendant's other issues.

The evidence clearly showed that the defendant sold Schedule II controlled substances on three (3) different occasions. Unquestionably, the evidence is more than sufficient to show his guilt beyond a reasonable doubt regarding counts 1, 2, and 3 of the indictment.

We see no reversible error in the trial court's action in granting the jury's request to hear a replay of a recorded conversation between the defendant and one of the persons to whom he sold drugs.

■ Also, the defendant's conviction under the Habitual Drug Offender Act, if otherwise proper, would not have been violative of the constitutional prohibition against double jeopardy. *State v. Hinsley, supra.*

Further, when a witness was asked if he had done "any type of drugs" with the defendant, the trial court solved the problem by giving an appropriate curative instruction. *Bennett v. State,* 530 S.W.2d 788 (Tenn.Cr.App.1975).

The remaining issues raised by the defendant were not briefed. Thus, they have been waived. T.R.A.P. 27(a)(7); *State v. Burtis,* 664 S.W.2d 305, 310 (Tenn.Cr.App. 1983).

We reverse and set aside the defendant's conviction as an habitual drug offender. Since the evidence fully establishes the defendant's guilt of selling Schedule II controlled substances, as charged in counts 1, 2, and 3, we remand those counts back to

the trial court, which court is directed to reinstate the jury's verdicts on those counts, and afterwards the trial court will conduct a sentencing hearing and fix appropriate sentences for the defendant on those counts.

The case is remanded to the trial court for further proceedings consistent with this opinion.

DAUGHTREY and SCOTT, JJ., concur.