# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
October 18, 2011 Session

## STATE OF TENNESSEE v. GUY STEVEN CATHEY

**Direct Appeal from the Circuit Court of Dickson County**
**No. 22CC-2009-CR-760      Larry Wallace, Judge**

---

**No. M2011-00438-CCA-R3-CD - Filed December 5, 2011**

---

The defendant pled guilty to driving under the influence of an intoxicant ("DUI"), first offense, and reserved the following two certified questions: (1) "Whether a magistrate that conducts field sobriety tasks upon a defendant prior to issuance of a warrant is qualified as [a] 'neutral and detached' magistrate for purposes of the Fourth Amendment to the Constitution of the United States or its laws and/or in violation of the Constitution of the State of Tennessee and its laws"; and (2) "Whether the issuance of a warrant after the administration of field sobriety tasks by a magistrate to a defendant [was] in violation of the Constitution of the State of Tennessee and/or its laws." After the challenged warrant was issued, the Grand Jury indicted the defendant, charging him with one count of DUI. We hold that the certified questions are not dispositive of the defendant's case because the subsequent indictment cured any defects in the warrant. Accordingly, the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right;
### Appeal Dismissed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Olin J. Baker, Charlotte, Tennessee, for the appellant, Steven Guy Cathey.

Robert E. Cooper, Jr., Attorney General & Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; Kelly L. Jackson, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

On November 3, 2009, Officer Sam McCoy of the Tennessee Highway Patrol responded to a vehicle accident in Dickson, Tennessee, in which Guy Steven Cathey ("the Defendant") was involved . Officer McCoy's investigation led him to charge the Defendant with DUI and a magistrate issued an arrest warrant later that same day. In February 2010, the Grand Jury indicted the Defendant, charging him with one count of DUI. The Defendant filed a motion to suppress and/or dismiss in May 2010. At the hearing on the motion, the following proof was adduced.

Officer McCoy testified that, when he attempted to interview the Defendant at the scene, the Defendant "was standing by his truck, his speech was very slurred, he was holding onto the vehicle." When Officer McCoy inquired if the Defendant had been drinking, the Defendant initially said "no," but then said, "yeah, I drank about a pint." Officer McCoy asked the Defendant to perform three field sobriety tests, but stopped the Defendant during his attempts to complete them out of fear that the Defendant "was going to fall and get hurt." Officer McCoy placed the Defendant under arrest and took him to the Dickson Police Department. The Defendant took a breath alcohol test which indicated that he had a blood alcohol level of .22.

Officer McCoy subsequently took the Defendant before Magistrate Sutton. Officer McCoy reported the salient facts of the Defendant's arrest, including the test results. Magistrate Sutton then requested the Defendant to perform additional field sobriety tests in the hall. On cross-examination, Officer McCoy clarified that Magistrate Sutton did not sign the arrest warrant before conducting his own investigation. Rather, the magistrate signed the warrant "after the tests." Officer McCoy also testified that it was common practice for Magistrate Sutton to perform an independent evaluation of DUI suspects before issuing an arrest warrant.[1]

Harold Sutton testified that he was a magistrate in Dickson County, Tennessee, at the time in question. He remembered Officer McCoy bringing in the Defendant and stated, "I did an independent testing of Mr. Cathey of my own and issued a warrant for DUI." He added, "I always give an independent observation." Mr. Sutton explained, "I feel like I am

---

[1] We note that this Court addressed similar issues regarding magistrates performing independent testing in the past. See State v. David Lane Goss, No. M2006-01467-CCA-R3-CD, 2007 WL 2200284 (Tenn. Crim. App. July 31, 2007), perm. app. denied (Tenn. Feb. 4, 2008) (expressly rejecting defendant's argument that a magistrate must personally view the allegedly intoxicated suspect to make a probable cause determination and holding that "[i]n our view, the magistrate's role is to determine whether *the officer* had probable cause to arrest the suspect without a warrant." Id. at *5 (emphasis added).

in between the officer and the person under arrest. I'm not for one or the other, and I have to make the determination based on probable cause in my observation before I sign off on a warrant." In accordance with his understanding of his role as magistrate, Mr. Sutton asked the Defendant to perform "the nine step heel to toe, . . . an alphabet and . . . a finger count." Mr. Sutton determined that the Defendant performed these tests "poorly." Mr. Sutton then issued the warrant for the Defendant's arrest.

After hearing the above proof and considering briefs filed subsequently by the parties, the trial court denied the Defendant's motion to suppress and/or dismiss. The Defendant subsequently pled guilty to DUI, first offense, and reserved the following two certified questions for appeal to this Court:

> Whether a magistrate that conducts field sobriety tasks upon a defendant prior to issuance of a warrant is qualified as [a] "neutral and detached" magistrate for purposes of the Fourth Amendment to the Constitution of the United States or its laws and/or in violation of the Constitution of the State of Tennessee and its laws; and

> Whether the issuance of a warrant after the administration of field sobriety tasks by a magistrate to a defendant [was] in violation of the Constitution of the State of Tennessee and/or its laws.

Because we have determined that these questions are not dispositive of the Defendant's case, we dismiss the appeal.

## Analysis

Tennessee Rule of Criminal Procedure 37(b) sets forth the requirements for preserving certified questions for appeal from guilty pleas:

> The defendant may appeal from any judgment of conviction . . . on a plea of guilty . . . if . . . the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved – with the consent of the state and of the court – the right to appeal a certified question of law that is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A). Strict compliance with Rule 37's requirements is mandatory. See State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003).

A question of law is dispositive of the case when the reviewing court, upon answering the question, either must affirm the judgment or reverse and dismiss the case. State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). The fact that the trial court, the State, and the defendant in the case agree that the question is dispositive is not binding on the appellate court. State v. Preston, 759 S.W.2d 647, 651 (Tenn. 1988). Rather, this Court must "make an independent determination of the dispositive nature of the question reserved, and appellate review must be denied if the record does not clearly demonstrate how the question is dispositive." State v. Oliver, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000) (citing Preston, 759 S.W.2d at 651). If the question reserved is not dispositive of the case, this Court lacks jurisdiction to consider the issue and, accordingly, must dismiss the appeal. See Wilkes, 684 S.W.2d at 667; see also State v. Crouch, No. M1999-02057-CCA-R3-CD, 2000 WL 31859, at *1 (Tenn. Crim. App. Jan. 18, 2000) (holding that, where certified question was not dispositive of the case, "we are without jurisdiction to consider the issue and must dismiss this appeal").

Both of the certified questions in this case focus on the legality of the warrant issued after the magistrate conducted his own investigation into whether there was sufficient probable cause to support issuance of the warrant. However, any defect in the warrant, even if otherwise fatal, is of no avail to the Defendant because the subsequent indictment cured any such defect. As pointed out by our Supreme Court in 1960, "all questions as to the sufficiency of the warrant are foreclosed by the finding of an indictment, because . . . grand juries in this State are given inquisitorial powers over all indictable or presentable offenses committed or triable within the county." Jones v. State, 332 S.W.2d 662, 667 (Tenn. 1960). The indictment in this case is regular upon its face. It contains sufficient allegations to charge the Defendant with DUI. It is signed by the District Attorney General, Dan M. Alsobrooks. Finally, it lists the name of Sgt. Sam McCoy as the prosecutor. See State v. Southland News Co., 587 S.W.2d 103, 106 (Tenn. Crim. App. 1979). "[T]herefore, the indictment being valid, it can in no wise be affected by any of the proceedings, irregular or otherwise, that were attendant to the issuance of" the warrant. Id.

While the certified questions in this case may have been dispositive at one point in time, the validity of the warrant challenged by the certified questions is now rendered irrelevant because any defects were cured by the subsequent indictment. Accordingly, the certified questions are not dispositive of the case and, therefore, do not meet the mandatory requirements of Rule 37.

## Conclusion

Because the certified questions in this case are not dispositive, we lack jurisdiction to consider the appeal. Accordingly, the appeal is dismissed.

_____
JEFFREY S. BIVINS, JUDGE